UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONSERVATION CONGRESS,

    Plaintiff,

                                  NO. CIV. S-11-2605 LKK/EFB

    v.

UNITED STATES FOREST SERVICE, and UNITED STATES FISH AND WILDLIFE SERVICE,

    Defendants.

SIERRA PACIFIC INDUSTRIES, CROSS AND COUNTER-CLAIMS,

    Defendant Intervenor.
_____/

CONSERVATION CONGRESS,

    Plaintiff,

                                  NO. CIV. S-12-2800 GEB/CKD

    v.

UNITED STATES FOREST SERVICE,      <u>NON-RELATED CASE ORDER</u>
and UNITED STATES FISH AND WILDLIFE SERVICE,

    Defendants.
_____/

    The court is in receipt of Plaintiff Conservation Congress's notice of related cases, filed pursuant to Eastern District of

1

California Local Rule 123(b) (2012).  Pl's Not., ECF No. 65. Plaintiff requests that the above-captioned case be related to Conservation Congress v. United States Forest Service, et al., 2:12-cv-02800-GEB-CKD.

Eastern District of California Local Rule 123(a) provides that an action is related to another action when:

> (1) both actions involve the same parties and are based on the same or a similar claim;
>
> (2) both actions involve the same property, transaction, or event;
>
> (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or
>
> (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

Local Rule 123(a) (2012).

Plaintiff argues that, in both cases, it sues the same federal defendants concerning timber sales on the Shasta-Trinity National Forest, and that, in both cases, the federal defendants "failed to adequate[ly] analyze the cumulative impacts of their respective timber[]sales on the Northern Spotted Owl under the ESA and NEPA." Pl's Not., ECF No. 65, at 2.  Plaintiff further attests that the two timber sales at issues are "only approximately seven miles apart and take place in the same Northern Spotted Owl designated critical habitat unit" and that, in either case, "Conservation Congress points to the other timber[]sale as an example of the type

1 of cumulative impact that it alleges the federal defendants have
2 failed to properly analyze." Id.
3    The Defendants U.S. Forest Service and U.S. Fish and Wildlife
4 Service (collectively, "Federal Defendants") argue that the
5 separate actions are not related within the meaning of Local Rule
6 123(a) because the "two actions challenge two separate, unrelated
7 forest projects," which are "based upon different factual analyses,
8 supported by and recorded in different sets of decisional documents
9 and administrative records," and that the "respective records in
10 each of these cases likely consist of thousands of pages of
11 documents specific to each project." Defs' Resp., ECF No. 66, at
12 2-3. Defendants also assert that, while the claims in the
13 above-captioned case are based on Section 7(a)(2) of the Endangered
14 Species Act and the National Environmental Policy Act, Plaintiff's
15 other action raises claims under Sections 7(d) and 9 of the
16 Endangered Species Act, and the National Forest Management Act.
17    On balance, the court finds that the above-captioned case is
18 not related to Conservation Congress v. United States Forest
19 Service, et al., 2:12-cv-02800-GEB-CKD, because each case requires
20 substantially different factual and legal analyses. Here,
21 assignment to the same Judge is not likely to effect a substantial
22 savings of judicial effort.
23    The court, therefore, DECLINES to relate the cases.
24    IT IS SO ORDERED.
25    DATED: January 9, 2013.
26

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT