# UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

CONSERVATION CONGRESS

    Plaintiff,

        v.

U.S. FOREST SERVICE and
U.S. FISH AND WILDLIFE SERVICE,

    Federal Defendants.

CASE NO. 2:12-cv-02800-TLN-CKD

ORDER

This matter is before the Court pursuant to a scheduling matter concerning the parties' motion and cross-motion for summary judgment. Because the Court finds the procedural posture relevant to the Court's decision in this matter, the Court has provided a brief summary of the recent activity in this case.

On February 14, 2013, upon stipulation by the parties (ECF No. 26), this case was stayed to allow the Forest Service to reinitiate consultation on the Northern Spotted Owl ("NSO") for the Algoma Vegetation Management Project ("Algoma Project") on the Shasta Trinity National Forest. (February 14, 2013 Stip. and Order, ECF No. 27.) On August 16, 2013, in light of the Forest Service's completion of reinitiation of consultation and associated processes under the National Environmental Policy Act, the Court lifted the stay, allowing Plaintiff Conservation Congress ("Plaintiff") to pursue the case. (Order Lifting Stay, ECF No. 30.) Plaintiff filed a

1

1    supplemental complaint on September 25, 2013 (ECF No. 33).  Defendants U.S. Forest Service

2    and U.S. Fish and Wildlife Service (collectively referred to as "Federal Defendants") lodged and

3    served Plaintiff with a supplement to the Forest Service's administrative record on September 27,

4    2013 (ECF No. 34), and the Fish & Wildlife's administrative record on October 2, 2013 (ECF

5    No. 37).

6            On August 29, 2013, Defendant-Intervenors noticed that partial Project implementation

7    would begin by the end of October 2013.  (*See* Ex. A, E-mail from Scott Horngren to Mary

8    Hollingsworth, et al., ECF No. 50-7.)  The parties were unable to agree to a briefing schedule for

9    a motion for preliminary injunction. (*See* Joint Status Report, ECF No. 31.)  On November 6,

10   2013, the parties agreed to an expedited summary judgment briefing schedule that would

11   conclude in mid-January because Defendant-Intervenors anticipated operations could start

12   moving into units containing NSO critical habitat by the end of January.  (*See* Stipulation, ECF

13   No. 45; *see also* ECF No. 50 at 3.)  This schedule, which was approved by the Court in a minute

14   order (ECF No. 46), required Plaintiff to file its motion for summary judgment and

15   accompanying memorandum in support by November 18, 2013.

16           On November 18, 2013, in the late morning, Plaintiff's counsel requested two additional

17   days (until November 20, 2013) in which to file its motion and brief because Plaintiff's counsel

18   was unable to locate files on her computer.  (*See* Ex. B e-mail from Marianne Dugan to Julie

19   Thrower, et al., ECF No. 50-2.)  Federal Defendants did not oppose the motion on the condition

20   that they were: (1) given additional time, from December 20 to December 23, 2013, to file their

21   cross-motion for summary judgment and response to Plaintiff's motion for summary judgment;

22   and (2) the remaining deadlines remained the same.  (*See* Mot. for 2-day Extension of Time,

23   ECF No. 47.)  The Court granted the parties' request.  (*See* Minute Order, ECF No. 49.)

24           On late night of November 20, 2013, Plaintiff's counsel informed Federal Defendants and

25   Defendant-Intervenors that she was unable to file her brief because she was celebrating her

26   birthday and, therefore, she would file her brief in the morning on the following day.  (*See* Ex. C

27   e-mail from Marianne Dugan to Julie Thrower, et al., ECF No. 50-3.)  Plaintiff's counsel

28   suggested that Federal Defendants could file their brief a day later than or previously agreed or

1    on December 24, 2013.  (ECF No. 50-3.)  However, Federal Defendants have informed the Court

2    that they have scheduled annual leave starting December 23, 2013, with the expectation that

3    Plaintiff would adhere to the schedule agreed upon by both parties.  Thus, Federal Defendants

4    has asked the Court to revise the briefing schedule in its November 21, 2013, Order (ECF No.

5    49) to provide that only two briefs will be filed in this case: Plaintiff's motion for summary

6    judgment, due November 21, 2013; and Federal Defendants and Defendant-Intervenors cross-

7    motions for summary judgment and briefs in response to Plaintiff's motion for summary

8    judgment, due on January 13, 2014.  Federal Defendants contend that they have been prejudiced

9    by Plaintiff's failure to adhere to the agreed upon schedule because: (1) both counsel had

10   scheduled leave; and (2) Julie Thrower had anticipated spending November 21, 2013, responding

11   to Plaintiff's motion in order to accommodate other scheduled matters, including Thanksgiving

12   holiday, two oral arguments scheduled in early December, and a tentative mediation that same

13   month.  (ECF No. 50 at 4.)

14           Plaintiff opposes Defendants' motion alleging that the delay in filing its summary

15   judgment motion was minimal, that Defendants had previous extensions that Plaintiff did not

16   oppose, and that Plaintiff would be able to file a reply in a truncated time to avoid further delay.

17   (ECF No. 54.)  In Plaintiff's opposition, Plaintiff also informed the Court that the summary

18   judgment that it had filed exceeded the page limits set by this Court.

19

20           Defendants' counsel today brought to undersigned's attention that she had
             unfortunately overlooked Judge Nunley's policy that briefs must not exceed 20
21           pages without prior approval.  Plaintiff's brief was 44 pages. Given the size of the
             record and the number of legal issues, plaintiff's counsel is not in good
22           conscience able to reduce the briefing to 20 pages. The parties are currently
             discussing whether they will agree to a motion to allow overlength briefs for all
23           three parties.

24   (ECF No. 54 at 3 n.1.)

25           Defendants filed a reply asserting that Plaintiff has failed to show good cause for its

26   failure to comply with the Court's schedule and further due to the excessive length of Plaintiff's

27   summary judgment motion and brief, it is even more appropriate to modify the current schedule

28   as requested by Federal Defendants.  (ECF No. 55 at 3.)

                                                    3

The Court agrees that Plaintiff's repeated disregard for the Court's orders and procedures has caused great disarray. However, the Court fears that denying Plaintiff the opportunity to file a response will hinder the Court's ability to locate important information within this case's expansive record. As such, the Court declines Defendants' invitation to foreclose Plaintiff the opportunity to file any sort of response to Defendants' opposition/cross-motion for summary judgment. Nevertheless, the Court will require that Plaintiff submit its response in a truncated amount of time as to not delay these procedures further. As to Plaintiff's failure to adhere to the Court's page limits on motions, the Court construes Plaintiff's Response to Defendants' Motion to Modify Summary Judgment Briefing Schedule (ECF No. 54) as a request to extend the page limits and hereby grants such request with the understanding that Defendants are hereby limited to fifty (50) pages collectively for their opposition/cross-motion, and further that Plaintiff's response is restricted to ten (10) pages. The Court also cautions the parties that further disregard of this Court's orders will not be tolerated, and that no further extensions will be granted without a showing of good cause.

Although the Court has allowed Plaintiff's to file its summary judgment motion and briefing, the Court does not look kindly on Plaintiff's actions concerning its repeated disregard for the Court's orders and procedures. As such, Plaintiff is ordered to show cause, in writing within 7 days of the entry of this order, as to why it should not be sanctioned in the amount of $500 for failure to file its summary judgment motion in compliance with the Court's scheduling order and the format specified by this Court.

For the foregoing reasons the Court hereby orders a revised schedule as follows:

1. The deadline for Plaintiff to file Plaintiff's motion for summary judgment and memorandum in support is hereby extended to November 22, 2013. Thus, Plaintiff's motion for summary judgment and memorandum in support is timely.

2. To the extent that Plaintiff has requested an extension as to the page limit on its motion for summary judgment, Plaintiff's request is GRANTED.

3. Federal Defendants' and Defendant-Intervenors' cross-motion for summary judgment and memorandum in support, and response to Plaintiff's motion for summary

judgment shall be filed on January 13, 2013 and is collectively limited to fifty (50) pages.

4. Plaintiff may file a response/opposition on or before January 17, 2013 at 5:00 pm, not to exceed ten (10) pages.  Failure to comply with this deadline will result in a waiver of Plaintiff's right to respond.

5. Plaintiff is ORDERED TO SHOW CAUSE, in writing within 7 days of the entry of this order, as to why it should not be sanctioned in the amount of $500 for failure to comply with this Court's orders.

IT IS SO ORDERED.

Dated: December 2, 2013

Troy L. Nunley
United States District Judge

5