UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSERVATION CONGRESS,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FOREST SERVICE and U.S. FISH AND WILDLIFE SERVICE,<br><br>Defendants. | No.  12-cv-02800 TLN-CKD<br><br><br>**ORDER** |

This matter is before the court on an order to show cause issued to Plaintiff on December 03, 2013.  (<u>See</u> ECF 58.)  The Court will highlight the procedural background as it is highly relevant to the Court's Order.  First, Plaintiff's motion for summary judgment was originally due by November 18, 2013.  (ECF 46.)  On November 18, Plaintiff filed a motion for a two-day extension of time to file Plaintiff's motion for summary judgment.  (ECF 47.)  The court granted Plaintiff's motion, ordering that Plaintiff file its motion for summary judgment by November 20, 2013. (ECF 49.)  Plaintiff did not file its motion for summary judgment until two days after the extended deadline, on November 22, 2013.  (ECF 52.)  Not only did Plaintiff file its motion two days after the (already extended) deadline, but Plaintiff's motion was also twenty-four (24) pages over the twenty (20) page limit on dispositive motions set forth in the undersigned's standing

1

1  order.¹  (See id.)

2      After realizing that her motion exceeded the undersigned's page limitation for dispositive
3  motions, on December 02, 2013, Plaintiff filed what counsel labeled "motion for leave to file
4  overlength dispositive motion brief (retroactive)."  (ECF 56.)  On December 3, 2013, the court
5  issued an order granting Plaintiff's motion.  (ECF 58.)  In that order, the court also ordered
6  Plaintiff "to show cause, in writing within 7 days of the entry of [the] order, as to why [Plaintiff]
7  should not be sanctioned in the amount of $500 for failure to file its summary judgment motion in
8  compliance with the Court's scheduling order and the format specified by the court."  (Id. at 4:17-
9  20.)

10     Plaintiff filed a response to the order to show cause on December 10, 2013.  (See ECF
11 59.)  In her response, Plaintiff's counsel maintains that sanctions are not appropriate in this case
12 because her violations of the court's scheduling order and page limitations were "mere negligent
13 violations."  (ECF 59 at 6:13-14.)  As to counsel's failure to file Plaintiff's motion for summary
14 judgment within the extended deadline, counsel asserts that she "forgot that November 20 was
15 [her] birthday; and it turned out that [her] family wanted [her] to spend time with them and eat the
16 dinner they had prepared for [her] birthday."  (Id. at 3:10-12.)  Therefore, instead of completing
17 the brief by the November 20 deadline, Plaintiff decided to celebrate her birthday.  (See ECF 50-
18 3.)  Plaintiff also asserts that, when she sat down on November 21, 2013, to complete the brief,
19 her computer froze.  (ECF 59 at 16-18.)  Therefore, Plaintiff did not file the motion for summary
20 judgment until November 20, 2013, two days after the already extended deadline.  As to
21 Plaintiff's violation of the undersigned's page limitation, counsel avers that she simply
22 "overlooked" the page limitation set forth in the undersigned's standing order.  (Id. at 6:5-8.)

23     The court recognizes that "[a]ttorneys should not be 'disciplined by financial reprisal for
24 conduct attributable to mistake, inadvertence or error of judgment.'"  Zambrano v. City of Tustin,
25 885 F.2d 1473, 1478 (9rh Cir. 1989) (quoting In re Sutter, 543 F.2d 1030, 1035(2d. Cir. 1976)).

---

¹ Apparently, Plaintiff's counsel was not aware of the twenty (20) page limitation until defense counsel brought to counsel's "attention that she had unfortunately overlooked [the undersigned's] policy that briefs must not exceed 20 pages without prior approval."  (ECF 54 n.1.)

While court sympathizes with counsel's desire to spend her birthday with family, the court finds that counsel's conscious decision to disregard the court's scheduling order to celebrate her birthday is more than "mere negligence."  Moreover, the court finds that counsel's callous disregard for this court's scheduling order is exacerbated by the fact that the court previously granted counsel an extension of time to file Plaintiff's motion for summary judgment.  Indeed, the original November 18, 2013, deadline for Plaintiff to file its motion for summary judgment was stipulated to by the parties.  (ECF 46.)  As such, the court finds that counsel's failure to file Plaintiff's motion within the extended deadline constitutes conduct worthy of sanctions.

However, the court finds that counsel's failure to adhere to the undersigned's page limitation for dispositive motions constitutes mere negligence.  Counsel declared that, even though she reviewed the undersigned's standing order, she simply "overlooked" the page limitation.  The court therefore declines to sanction counsel for this oversight.

Based on the foregoing, the court hereby imposes a monetary sanction of $250 to be paid to the Clerk of the Court by Plaintiff counsel Marianne Dugan within fourteen (14) days of the issuance of this order.  The sanction is personal to counsel, and is not to be borne by her client.  The check shall be made payable to "Clerk of the Court, U.S. District Court for the Eastern District of California."

Dated: December 16, 2013

_____
Troy L. Nunley
United States District Judge