UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSERVATION CONGRESS, | No. 2:12-cv-02800-TLN-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| UNITED STATES FOREST SERVICE and UNITED STATES FISH AND WILDLIFE SERVICE, | |
| Defendants. | |

This matter is before the Court on Plaintiff Conservation Congress's ("Plaintiff") objections to the bill of costs submitted by the prevailing party in this matter, Defendants United States Forest Service and the United States Fish and Wildlife Service. ("Defendants"). (ECF Nos. 92 & 95.) For the reasons discussed below, the Court overrules Plaintiff's objections and awards costs to Defendants.

**I.  Background**

On May 19, 2014 this Court granted summary judgment in favor of Defendants and denied Plaintiff's motion for summary judgment. (ECF No. 90.) Defendants submitted their bill of costs on June 2, 2014, in the amount of $9,502.12. (ECF No. 92.) This amount is attributed entirely to costs incurred in scanning, duplicating, collating, and Bates-stamping the administrative record, which numbered in excess of 24,000 pages. Defendants outsourced compilation of the administrative record to a private contractor. (Decl. of Julia Thrower, ECF

No. 92-1.)  Plaintiff filed objections to the bill of costs on June 12, 2014.  (ECF No. 95.)

**II.     Legal Standard**

Under Fed. R. Civ. Proc. 54 (d)(1), the prevailing party in a lawsuit shall recover its costs "unless . . . a court order provides otherwise."  Fed. R. Civ. P. 54 (d)(1).  The rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded.  *See Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591–92 (9th Cir. 2000).

28 U.S.C. § 1920(4) provides that courts may tax as costs "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  Courts have found the costs of compiling the administrative record to fall within the scope of § 1920(4).  *See, e.g. Conservation Cong. v. U.S. Forest Serv.*, 2010 WL 2557183 at *1 (E.D. Cal. June 21, 2010); *see also* E.D. Cal. Local Rule 138(b) ("Due to the size of administrative records, attorneys shall, if possible, submit the administrative record in electronic format …").

If the court declines to award costs, it must specify its reasons for doing so.  *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002).  However, it is not required to specify reasons for its decision to abide by the presumption to award costs to the prevailing party.  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

**III.    Analysis**

With respect to the task of scanning, duplicating, collating, and Bates-stamping an administrative record in excess of 24,000 pages, the Court finds that the total cost of $9,502.12 is not facially unreasonable.  This award is within the scope of costs awarded in recent environmental cases in the Ninth Circuit, where costs were attributed primarily to compiling the administrative record.  *See Sierra Club v. Tahoe Reg'l Planning Agency*, 2014 WL 3778274, at *1 (E.D. Cal. July 30, 2014) (Plaintiff paid an initial $42,000 in costs, and a second costs payment of $11,769.24); *Klamath Siskiyou Wildlands v.Grantham,* 2013 WL 3283490, at *3 (E.D. Cal. June 27, 2013) (awarding $2,752.70 in costs); *Conservation Cong. v. U.S. Forest Serv.*, 2010 WL 2557183, at *1 (E.D. Cal. June 21, 2010) (awarding $3,561.54 in costs); *Pit River Tribe v. Bureau*

*of Land Mgmt.*, 2013 WL 6185240, at *3 (E.D. Cal. Nov. 26, 2013) (awarding $19,851.60 in costs); *Friends of Tahoe Forest Access v. U.S. Dep't of Agric.*, 2014 WL 1575622, at *3 (E.D. Cal. Apr. 17, 2014) (awarding $14,875.23 in costs).

      Under 28 U.S.C. § 1920(4), "fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989), *abrog. on other grounds by Townsend v. Holman Consulting Corp.*, 914 F.2d 1136 (9th Cir. 1990). *See also Plantronics, Inc. v. Aliph, Inc.*, 2012 WL 6761576, *12 (N.D.Cal. Oct.23, 2012) ("Printing copies (or blowbacks), printing native files from the computer to PDF ... are the equivalent of photocopying. Certain ancillary tasks are common to electronic or paper discovery, including Bates stamping and putting slipsheets (or some marker) between documents to show document breaks."). The invoices attached to Defendants' bill of costs indicate Defendants requested that the private contractor "prep and organize admin record [and] hyperlinks," "extract attachments from email PDF files," "identify missing entries," "update documents citations," and Bates-stamp the administrative record. (ECF No. 92, Ex. C.) There is not adequate support for the claim that the compilation of the administrative record in this case falls outside the purview of the "physical preparation and duplication of documents," or the purview of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Plaintiff asserts that the primary documents (for example, the final Environmental Impact Statement) were already available in a searchable electronic format in the public record, and therefore costs incurred in incorporating them into the Bates-stamped administrative record were unnecessary. Plaintiff also points out that the contractor's invoices contain only a lump sum amount per page, with no breakdown as to the services charged. (ECF No. 95 at 3–5.) Those concerns are noteworthy, but the actual amount of costs requested is not unreasonable.

      Equity concerns may override the presumption of cost recovery when the suit involves issues of substantial public importance; the issues are close and difficult; there is great economic disparity between the parties or a lack of financial resources by one party; the losing party's case had some merit; or imposition of costs may have a chilling effect on future litigation. *See Ass'n*

*of Mexican-Am. Ed.*, 231 F.3d at 592; *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999). Plaintiff argues that economic disparity between the parties is present but that is true for most lawsuits brought by a non-profit against a governmental entity. Plaintiff also argues: that the legal and factual issues were novel; that it brought this suit in good faith and in the public interest; and that imposition of costs could have a chilling effect. (ECF No. 95 at 9–10.) However, the central issues in this case – the Government's review and approval of a timber project and the impact of the project on the Northern Spotted Owl – are not new. Plaintiff does not support the claim that one or more of the aforementioned equity concerns weighs so heavily as to overcome the default rule. Therefore, Plaintiff's objections to the bill of costs are overruled and costs (ECF No. 92) are awarded to Defendants in the amount of $9,502.12.

Dated: November 18, 2014

_____
Troy L. Nunley
United States District Judge